UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:08-cr-0140-01 (WTL/KPF) |
| ) | |
| TIMOTHY FENDRICK, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable William T. Lawrence, Judge, on April 20, 2011 designating the Magistrate Judge to conduct a hearing on the Supplemental Petition for Summons or Warrant for Offender Under Supervision filed with the Court on April 19, 2011, and to submit to Judge Lawrence proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). Proceedings were held on April 28, 2011, May 3, 2011 and August 9, 2011 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

At the proceedings held April 28, 2011, Mr. Fendrick appeared in person with his appointed counsel, Bill Dazey, Office of the Indiana Federal Community Defender. The government appeared by Brad Blackington, Assistant United States Attorney. U. S. Parole and Probation appeared by Shelly McKee, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Bill Dazey, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Fendrick in regard to the pending Petition for Warrant or Summons for Offender Under Supervision.

2. A copy of the Petition was provided to Mr. Fendrick and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Fendrick was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Fendrick would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Fendrick had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. If the preliminary hearing resulted in a finding of probable cause that Mr. Fendrick had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Lawrence's designation.

7. At the request of all parties, the hearing was continued until May 3, 2011 at 10:00 AM.

On May 3, 2011, the Court reviewed prior proceedings held April 28, 2011. Mr. Fendrick appeared in person and with his appointed counsel, William Dazey. The government appeared by

-2-

Brad Blackington, Assistant United States Attorney; and Shelly McKee, U. S. Parole and Probation officer, appeared and participated in the proceedings. The following occurred:

1. Mr. Dazey stated that Mr. Fendrick desired to waive the preliminary examination. Mr. Fendrick then waived the preliminary hearing in writing and was held to answer.

2. Mr. Dazey stated that Timothy Fendrick would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | "The defendant shall refrain from any unlawful use of a controlled substance." |
| 2 | "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician." |
| 3 | "The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered." |// 
| | As previously reported to the Court, on September 16, 2010, November 1 and 29, 2010, December 6, 13, and 20, 2010, and January 17 and 24, 2011, Mr. Fendrick provided drug screens which tested positive for methamphetamine. |
| 4 | "The defendant shall participate in a program of testing and residential or outpatient drug and alcohol abuse, as directed by the supervising probation officer, until such time he is released from the program by the supervising probation officer, until such time he is released from the program by the supervising probation officer." |
| | As previously reported to the Court, on November 10, 2010 and January 9, 2011, Mr. Fendrick failed to report for scheduled counseling appointments. |
| 5 | "The defendant shall refrain from any unlawful use of a controlled substance." |

| | |
|---|---|
| 6 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 7 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

On March 28, 2011, Mr. Fendrick provided a drug screen which tested positive for amphetamine. Mr. Fendrick reported taking no medication, and denied using methamphetamine. On April 14, 2011, the urine specimen was confirmed positive for methamphetamine by Alere Laboratory. A subsequent drug screen collected on April 6, 2011, tested negative.

The Court placed Mr. Fendrick under oath and directly inquired of Mr. Fendrick whether he admitted violations of the specifications of his supervised release set forth above. Mr. Fendrick stated that he admitted the above violations as set forth above. The Court found Mr. Fendrick violated each of the admitted violations.

Court proceedings were adjourned. Disposition was scheduled for August 9, 2011.

On August 9, 2011, Mr. Fendrick appeared in person with his appointed counsel, Bill Dazey, Office of the Indiana Federal Community Defender. The government appeared by Winfield Ong, Assistant United States Attorney, for Brad Blackington, Assistant United States Attorney; and U.S. Parole and Probation appeared by Shelly McKee.

Counsel for the parties further stipulated to the following:

1) Mr. Fendrick has a relevant criminal history category of III, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Fendrick constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Fendrick is 8-14 months.

The parties agreed on the appropriate disposition of the case as follows:

a. Since defendant has complied with/completed/obeyed all conditions imposed upon him by the Court, the parties agree that Timothy Fendrick should be released from supervised release as of this date.

The Court accepted the agreed-upon disposition and finds his supervised release to be complete.

Mr. Fendrick's supervised release is therefore **COMPLETE** and he is therefore released from his conditions of supervised release.

Counsel for the parties and Mr. Fendrick stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Fendrick entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation releasing Timothy Fendrick from his conditions of supervised release previously imposed by this Court.

IT IS SO RECOMMENDED this 15th day of August, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Josh Minkler,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Bill Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal